IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MATTHEW A. PIERCE,

    **Plaintiff,**

v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

    **Defendant.**

CASE NO. C2-09-031
JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE TERENCE P. KEMP

## OPINION AND ORDER

On January 10, 2010, the Magistrate Judge issued a Report and Recommendation concluding that the Plaintiff's claim for Social Security disability benefits be denied. Thereafter, the Plaintiff filed objections. For the reasons hereinafter set forth, this matter is remanded to the Commissioner of Social Security for further evaluation of this claim, pursuant to 42 U.S.C. § 405(g).

I.

The Magistrate Judge more than ably set forth the facts relevant to this appeal of the denial of benefits. This Court adopts pages 1 through 8 of the Report and Recommendation.

The single issue presented by the Plaintiff is whether the Administrative Law Judge ("ALJ") improperly evaluated and rejected the opinion of the treating physician, Dr. Brian E. Higgins, D.O., who treated the Plaintiff from 2002 through 2008. The law is well established that the ALJ is to give deference to the findings of a treating physician, to the extent such findings and opinions are supported by the objective evidence of record. *Rogers v. Comm'r of*

*Soc. Sec.*, 486 F.3d 234 (6th Cir. 2007); *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 287 (6th Cir. 1984); 20 C.F.R. § 406.1527(d)(2).

In this case, Dr. Higgins, who has extensively treated the Plaintiff, rendered a series of opinions and conclusions, which were ultimately rejected by the ALJ. The medical evidence of record is substantial, and, to a great extent, contradictory. In this Court's view, the issue is the <u>method</u> by which the ALJ viewed the conflicting evidence, considered the deference owed the treating physician, and resolved the differing opinions.

Dr. Higgins began treating the Plaintiff in April, 2002, following an occupational injury. The record includes a lengthy record of treatment, documented by over one-hundred pages of notes, observations and test results. The ALJ evaluated the written opinions rendered on June 19, 2003 and August 5, 2004 (Tr. 31), but inexplicably omitted analysis of a more recent report and assessment dated March 28, 2007.[1] (Tr. 656).

Dr. Higgins also submitted a physical capacities report dated April 12, 2007, also omitted from the ALJ's analysis, which indicated that the Plaintiff could stand or walk for only two hours per day, could sit for no more than four hours and could lift up to five pounds. He also could do simple grasping, pushing, pulling, bending and fine manipulation, but could not squat, crawl or climb and could not use his feet to operate controls. (Tr. 654).

The ALJ rejected both the March 28, 2008 opinion and the April 12, 2007 assessment rendered by Dr. Higgins. As the basis, the ALJ cited the opinion of Dr. John W. Cunningham, a non-treating physician, who examined the Plaintiff one time, and found, without

---

[1]The ALJ actually mentioned the March 28, 2007 report in the Decision and Order. The report was mentioned, but not discussed, in the description of the medical evidence. The report was omitted from the ALJ's analysis and weighing of the evidence. (Tr. 29-34).

2

elaboration, that Dr. Higgins "considered nonmedical, social, and economic factors in his opinion." (Tr. 31). The reports of Dr. Higgins, however, made no reference to such factors.

Dr. Pietro Seni, M. D., an orthopedist, opined in a February 15, 2007 report that the Plaintiff was disabled from gainful employment. (Tr. 596-605). The ALJ noted that "Dr. Seni only saw the claimant one time, and his opinion is not supported by the objective medical evidence or record as a whole . . . Further, this opinion was given for the purpose of establishing disability with the [Ohio] Bureau of Worker's Compensation . . . a determination of disability for other governmental agencies may differ with Social Security rules." (Tr. 31).

It is true that Dr. Seni examined the Plaintiff only once, and for purposes of establishing his eligibility for state workers' compensation benefits. It is also true, but not included in the ALJ's analysis, that Dr. Cunningham examined the Plaintiff only once, and was retained by his former employer in the course of the worker's compensation litigation. A fact finder may choose to give less weight to a non-treating physician retained by an interested party, but in this case, both Drs. Cunningham and Seni issued opinions under such circumstances.

The ALJ also analyzed the opinion rendered by Dr. W. Jerry McCloud, erroneously described in the decision as "the claimant's own consultative evaluator." (Tr. 33). Dr. McCloud had also been retained by the Plaintiff's former employer in the course of the Worker's Compensation claim. In a report dated November 29, 2007, Dr. McCloud, addressing an issue relevant only to the worker's compensation claim, opined that "it is medically reasonable that he has not reached a level of maximum medical improvement. He would not be capable of pursuing any work activity at this time . . . If he does not have additional surgery he will be capable of resuming some work activities, but there will be limitations involved." (Tr.

3

698). This report both contradicts and supports the opinions of Dr. Higgins and was not evaluated as such.

Finally, the ALJ adopted the limitations described by Dr. Lewis Seeder in his report of January 27, 2004. He opined that the Plaintiff could lift and carry ten to twenty pounds and was capable of sedentary work. Both of these conclusions, accepted by the ALJ, are at variance with the conclusions reached by Dr. Higgins in his report of March 28, 2007, which was not considered in the analysis.

Also of importance are the opinions of Dr. David Garling, a medical expert who testified at the hearing. Dr. Garling placed no significant limitations on the Plaintiff's ability to perform gainful employment. He found no physical basis for the claimed impairments. In addition to these opinions and findings, there are in the record many more opinions, observations and test results not germane to this analysis.

In summary, the ALJ had the difficult task of reconciling contradictory medical evidence and opinions. This Court takes no position as to whether the Plaintiff has established entitlement to benefits. The Court is of the view that the weighing process contained error, albeit understandable given the quantum of evidence in this case. The Court also finds, pursuant to 42 U.S.C. § 405(g), that there is new evidence, i.e., the March 28, 2007 report of Dr. Higgins, that is material to this case and there is good cause that such evidence was not incorporated into the prior decision.

The Commissioner is directed to re-weigh the conflicting evidence in light of the law and applicable regulations, including the deference owed to the treating physician. The Commissioner shall also consider the most recent report of Dr. Higgins, dated March 28, 2007

4

and consider the circumstances under which the opinions of Drs. Seni and Cunningham were given. All of this shall be done, of course, with consideration of the entire record presented in this case.

**IT IS SO ORDERED.**

_3-31-2010_
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**