IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Matthew A. Pierce,

    Plaintiff,

v.

                                Case No. 2:09-cv-0031

                                JUDGE SARGUS

Commissioner of Social
Security,

    Defendant.

## ORDER

       On March 31, 2010, the Court entered judgment sustaining the plaintiff's statement of errors and remanding this case to the Commissioner for further proceedings pursuant to 42 U.S.C. §405(g), sentence four. Plaintiff subsequently moved for an award of attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412. The Commissioner has opposed the motion. For the following reasons, plaintiff's motion for fees under the EAJA will be denied.

I.

       The Equal Access to Justice Act, 28 U.S.C. §2412, provides, in pertinent part, that the Court shall award to a prevailing party other than the United States attorneys' fees and expenses "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

     The party seeking an award of such fees and expenses is required to submit a fee application to the court within 30 days of the date that the judgment became final and non-appealable. The application must demonstrate that the party is a prevailing party and is eligible to receive a fee award. It must also document the amount sought, including an itemized statement from the attorney or attorneys involved, and must allege that the position of the United States was not substantially justified. The court is then required to determine, on the basis of the record, whether the position of the United States was substantially justified. Attorneys' fees are limited

1

to the rate of $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."

Once a petition has been filed alleging that the position of the United States was not substantially justified, the United States has the burden of demonstrating such justification. See Miller v. United States, 831 F. Supp. 1347, 1351 (M.D. Tenn. 1993) ("The burden lies with the government to demonstrate that its position was substantially justified ...."); Weber v. Weinberger, 651 F.Supp. 1379, 1388 (E.D. Mich. 1987) ("with respect to an application for attorney's fees the Government has the burden of showing that its position was substantially justified."); see also Howard v. Heckler, 581 F. Supp. 1231, 1233 (S.D. Ohio 1984). The question of whether the United States' position is substantially justified is determined based upon the standards set forth in Pierce v. Underwood, 487 U.S. 552 (1988). In Pierce, the Court concluded that the phrase "substantially justified" as used in the EAJA means justified "to a degree that could satisfy a reasonable person." Pierce, supra, at 565. As the Court noted, that test "is no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue." Id., citing, inter alia, Trident Marine Construction, Inc. v. District Engineer, 766 F.2d 974 (6th Cir. 1985). An agency decision that is not supported by substantial evidence may still be one that has a reasonable basis in law and fact. Jankovich v. Bowen, 868 F.2d 867 (6th Cir. 1989). Consequently, this Court is required to apply the "reasonable basis in law and fact" test set forth in Trident Marine Construction to this application for attorneys' fees.

II.

The history of the case in this Court is important for purposes of the pending motion. Initially, the Magistrate Judge had recommended that the Commissioner's denial of benefits be sustained, reasoning that the Commissioner had an adequate basis for rejecting the opinions of plaintiff's treating physician, Dr. Higgins. Although the administrative decision dealt specifically with several earlier opinions expressed by Dr. Higgins, and did not mention a disability opinion from 2007, the Magistrate Judge viewed that opinion as the functional equivalent of the earlier opinions and concluded that the Commissioner had both articulated an

-2-

adequate basis for discounting all of these opinions and that the basis which was articulated found substantial support in the administrative record. See Report and Recommendation, Doc. #15, at 10-11.

In declining to adopt the Report and Recommendation, the Court disagreed with this conclusion. Rather, as this Court read the record, the ALJ's methodology for performing the "difficult task of reconciling contradictory medical evidence and opinions" was infected with error. The Court further stated that the error committed was "understandable given the quantum of evidence in this case." Opinion and Order of March 31, 2010, Doc. #18, at 4. The case was remanded so that the Commissioner could address Dr. Higgins' 2007 opinion and for a more detailed analysis of the opinions of Drs. Seni and Cunningham, both of whom examined plaintiff only once, and each of whom had a different opinion about plaintiff's residual functional capacity.

In his supporting memorandum, plaintiff argues that the Commissioner's position was not substantially justified because the Court found that the Commissioner did not properly evaluate "all of the evidence of record, including probative evidence of a primary treating source ...." Plaintiff's Memorandum, Doc. #20, at 6. He further asserts, without elaboration, that the defense of the administrative decision presented in this Court was not substantially justified.

As the Commissioner points out in response, however, the fact that the Magistrate Judge found the Commissioner's litigation position not only defensible, but persuasive, is at least some evidence that the Commissioner was substantially justified in defending the administrative decision in this Court. The language quoted from the Opinion and Order remanding the case for further proceedings is also an indication that the underlying case is a difficult one and that the error committed by the ALJ could have been caused by the sheer number and contradictory nature of all of the opinions of record.

Other courts have declined to award fees under the EAJA when the error justifying a sentence four remand was the ALJ's failure to have undertaken a sufficiently thorough review of the medical evidence. See, e.g., Diebert v. Commissioner of Social Security, 2008 WL 1901213 (W.D. Mich. April 25, 2008); see also Brumitte v. Astrue, 2009 WL 3208594 (E.D. Tenn. September 29, 2009). This case stands in contrast to cases like Hill v. Astrue, 2008 WL

-3-

5085100 (S.D. Ohio December 1, 2008) (Rice, J.), where the Court awarded fees under the EAJA because the ALJ had failed to offer any reasons for preferring the opinion of a testifying medical expert over the opinions of two treating or examining sources, and because that error was not addressed by the Commissioner's memorandum filed in the District Court. Here, the basis for remand was not so obvious, nor did the Commissioner omit a substantial argument from his memorandum. In short, plaintiff's argument is little more than an assertion that because he prevailed, the Commissioner did not have a substantial basis for litigating the opposing position, but it is black-letter law that "[a] reversal of the denial of benefits and a remand for further clarification does not automatically mean the Commissioner's decision to defend the ALJ's decision to deny benefits was unreasonable." Anderson v. Commissioner, 198 F.3d 244, *4 (6th Cir. November 12, 1999).

III.

For the foregoing reasons, plaintiff's motion for an award of attorneys' fees under the Equal Access to Justice Act (#20) is DENIED.

Date: 6-15-10

Edmund A. Sargus, Jr.
United States District Judge